# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) |
|     Plaintiff/Counter Defendant, | ) ) |
| V. | )   CASE NO. 13-0434-KD-N ) |
| THE CITY OF MOBILE SOLID WASTE AUTHORITY, | ) ) ) |
|     Defendant/Counterclaimant. | ) |

## ORDER

This action is before the Court on the unopposed motion to amend complaint filed by plaintiff WM Mobile Bay Environmental Center, Inc. (WM Mobile Bay) (doc. 12). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED** and the first amended complaint shall be filed on or before **December 6, 2013**.

WM Mobile Bay seeks leave to amend its complaint to add causes of action that have arisen since the complaint was filed and are based upon the same contract that is the subject of the original complaint. WM Mobile Bay asserts that the defendant, the City of Mobile Solid Waste Authority (the Authority), will not be prejudiced because the parties have not yet held their parties' planning meeting and have not commenced discovery.

At this stage of the litigation, WM Mobile Bay may amend its complaint only with the Authority's "written consent or the court's leave" and "the court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). WM Mobile Bay certifies that its counsel conferred with defense counsel who stated that the Authority has no objection to the motion. However, the Authority did not give its "written consent". *Id.* Therefore, the Court must decide

whether justice requires granting leave to amend.

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962), the Supreme Court explained that leave should be given "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject for relief." *Foman*, 371 U.S. at 182. Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") Generally, a district court may deny leave to amend where there is a "substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (brackets in original) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir.1999) (quoting *Foman*, 371 U.S. at 82, 83 S.Ct. at 230).

In that regard, the docket does not indicate that WM Mobile Bay has engaged in undue delay or exhibited a dilatory motive. Its motion was filed before the parties' planning meeting and thus before the Court has set a deadline for filing motions to amend the pleadings or a deadline for close of discovery; therefore, the parties will have sufficient time to conduct discovery regarding the claims raised in the amendment such that there is no undue prejudice to the Authority. The docket does not indicate that WM Mobile Bay has acted in bad faith or repeatedly failed to cure deficiencies. Also, the proposed amendment does not appear to be futile in that the claims have arose out of the contract at issue since the litigation commenced.

Accordingly, since the Court has not ascertained any substantial reason to deny the

motion, and the Authority has indicated that it does not oppose allowing the amendment, the interests of justice require that WM Mobile Bay's motion should be granted. *See Borden, Inc. v. Florida East Coast Ry. Co.,* 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment"); *Dussouy v. Gulf Coast Investment Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

DONE and ORDERED this the 27th day of November 2013.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE