UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., ) ) ) | |
| Plaintiff, ) ) | |
| V. ) ) | CASE NO. 13-0434-KD-N |
| THE CITY OF MOBILE SOLID WASTE AUTHORITY, ) ) ) | |
| Defendant. ) | |

### ORDER

This action is before the Court on the Plaintiff WM Mobile Bay Environmental Center, Inc.'s oral motion to sever Count XI for declaratory judgment, The City of Mobile Solid Waste Authority's oral motion for judgment as a matter of law as to Count XI, and the parties additional briefing (docs. 157, 164, 165).

In Count XI, in relevant part, WM Mobile Bay "demands a declaratory judgment that [it] is entitled to an increased disposal . . . rate in an amount to be determined by this Court and that Defendant is obligated to negotiate in good faith in response to WM Mobile Bay's requests for rate adjustments and reimbursements." (Doc. 29, p. 20-21)  WM Mobile Bay demanded a jury trial. (*Id*., p. 21)  The Authority demanded a jury trial in its answer and counterclaim (Doc. 6).

A. <u>WM Mobile Bay's motion to sever Count XI</u>.

An issue arose at trial as to whether the Court or the jury was the proper entity to declare that WM Mobile Bay is entitled to an increased disposal rate and to determine what that rate should be. The Court indicated that it would make that declaration under its equitable powers but would include a question for the jury as to the current appropriate rate in the verdict form. The

Court indicated that the jury's answer would be advisory. WM Mobile Bay did not object. The Authority objected and argued that a declaration as to the increased disposal rate is based on what is reasonable and that any aspect of Count XI that calls for a determination of reasonableness is a question of fact for the jury to determine. The Authority pointed out that both parties had made jury demands. After discussion, WM Mobile Bay moved to sever Count XI for decision by the Court. The Court took the motion under advisement and received additional briefing. (Docs. 157, 164)

WM Mobile Bay brings Count XI pursuant to 28 U.S.C. § 2201, the Federal Declaratory Judgment Act[1] and Ala. Code § 6-6-223, the Alabama Declaratory Judgment Act.[2] Under both Acts, the Court may declare the rights, obligations, and legal relations of the parties to the Operating Agreement. Declaring that WM Mobile is entitled to an increased disposal rate and the current appropriate rate to be paid in the future falls within the scope of the Acts.

The issue now before the Court is whether the declaration of an increased disposal rate is a legal issue for the jury or an equitable determination for the Court. WM Mobile argues that the declaratory relief it seeks is equitable in nature, that the parties are not entitled to a jury trial on this issue, and that the Court should determine the proper interpretation of Section 6.6 (doc. 157).

The Authority argues that declaratory judgment actions are not inherently legal or

---

[1] The statute sets forth in relevant part as follows: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

[2] The statute sets forth in relevant part as follows: "Any person interested under a . . . written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a . . . contract, . . . may have determined any question of construction or validity arising under the . . . contract, . . . and obtain a declaration of rights, status, or other legal relations thereunder." Ala. Code § 6-6-223.

equitable in nature but depend upon how the issues would have arisen if the Declaratory Judgment Act had not been enacted.  The Authority argues that absent the Act, WM Mobile Bay's claims would have arisen as a breach of contract action, which is a legal action triable to the jury.  Thus, the jury should determine whether WM Mobile Bay is entitled to an increase and the amount of that increase instead of the Court exercising equitable jurisdiction.

Alternatively, the Authority argues that if the Court determines that the demand for declaratory judgment is an equitable action, the Court's determination must be resolved based on the jury's findings.  The Authority argues that the facts applicable to Count XI are the same facts applicable to WM Mobile Bay's breach of contract claim and that whether WM Mobile Bay is entitled to an increased rate will be determined by the jury when it considers the breach of contract claim.

In "determining whether a declaratory judgment action is legal or equitable," the Court has "examined the basic nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act." *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir.1987) (footnote omitted).  The "basic nature of the issue[] involved" in Count XI is a determination as to whether WM Mobile Bay is entitled to an increased disposal rate and the amount of that rate.

This issue does not arise in the breach of contract claim.  In Count I, WM Mobile Bay alleged that the Authority breached the contract by failing to negotiate in response to WM Mobile Bay's request for price adjustments and as a result WM Mobile Bay was damaged "in that it incurred increased costs in the management and operation of the subject landfill without receiving a corresponding price adjustment pursuant to the terms of the" Operating Agreement. (Doc. 29, p. 10)   WM Mobile Bay sought damages for "the increased costs of managing the

subject landfill in an amount to be determined by the trier of fact". (Id) The jury has resolved all issues of fact relevant to the breach of contract claim in Count I.  However, in resolving that claim, the jury was not required to determine a current appropriate disposal rate.

Upon consideration of the parties' oral argument during trial and their respective additional briefing (docs. 157, 164), and for the reasons set forth herein, the Court finds that the declaratory relief that WM Mobile seeks is equitable in nature and therefore, not an issue for the jury.  The Court further finds that a declaration of an appropriate current disposal rate is not a question of fact or legal issue for the jury to determine but instead is within the Court's equitable jurisdiction to declare, but the jury's determination of a current appropriate disposal rate, $27.39, will be considered as an advisory opinion.  Therefore, the motion to sever this portion of Count XI for determination by the Court is GRANTED.

The Court determines that $25.43[3] is an appropriate current disposal rate. The Court started its determination with the parties' last negotiated rate in 2010.  The Court finds this to be an equitable starting point because the parties abided by Section 1.31 in the Operating Agreement and negotiated "consistent with standards of good faith and fair dealings" (doc. 29-1, p. 16) and came to a mutual agreement as to the disposal rate.  The Court finds the Consumer Price Index to be an appropriate gauge for the increase each year from 2010. Starting with the negotiated rate in 2010, $23.50, and applying the annual maximum multiplier based on the C.P.I. (*see* Section 6.6 of the Operating Agreement), the rates increase to $25.43.

---

[3]   2010   $23.50 x 1.1 = $.26;   $23.50 + $.26 = $23.76
     2011   $23.76 x 3.8 = $.90;   $23.76 + $.90 = $24.66
     2012   $24.66 x 1.6 = $.39;   $24.66 + $.39 = $25.05
     2013   $25.05 x 1.5 = $.36;   $25.05 + $.38 = $25.43
     2014   $25.43

B. <u>The Authority's motion for judgment as a matter of law as to Count XI</u>.

At the close of all evidence, the Authority renewed and clarified its motion for judgment as a matter of law as to Count XI.  The Authority argued that the count should be dismissed on basis that WM Mobile has no right to equitable declaratory relief because it has an adequate remedy at law, a breach of contract action. (Doc. 165)   The Authority argues that if WM Mobile makes future requests for increases, and feels that it is treated wrongly, it may sue for breach of contract at that time.

The Authority's motion is directed in part toward the portion of Count XI wherein WM Mobile demands declaratory judgment that the Authority "is obligated to negotiate in good faith in response to WM Mobile Bay's request for rate adjustment and reimbursements" (Doc. 165).  As to that demand, the motion for judgment as a matter of law is due to be granted.  The Authority is correct that should the Authority fail to negotiate future rate increases in good faith, a breach of contract action is an adequate remedy at law.  However, to the extent that the Authority's motion is directed toward WM Mobile Bay's demand for declaratory judgment that it is presently entitled to an increased disposal rate in an amount to be determined by the Court, the motion is denied on basis that that issue has been resolved herein.

DONE and ORDERED this the 6th day of February 2015.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE