UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil Action No. 13-0434-KD-N |
| THE CITY OF MOBILE SOLID WASTE AUTHORITY, | ) ) ) | |
| **Defendant.** | ) ) | |

## <u>ORDER</u>

This action is before the Court on the Defendant City of Mobile Solid Waste Authority's renewed Rule 50(b) motion for judgment as a matter of law and alternative Rule 59(a) motion for a new trial, memorandum in support, notice, and supplement (docs. 187, 188, 189, 193), Plaintiff WM Mobile Bay Environmental Center, Inc.'s response (doc. 191), and Defendant's reply (doc. 192). Previously, the Court denied Defendant's motions as to all Counts with the exception of Count X, which remained under submission as to the motion for judgment as a matter of law and the alternative motion for new trial (doc. 195). The matter was referred to mediation. The Court has now been notified that mediation was not successful.

Upon consideration and for the reasons set forth herein Defendant's renewed Rule 50(b) motion and the alternative motion for new trial as to damages claimed in Count X is DENIED.

I. <u>Renewed Rule 50(b) motion for judgment as a matter of law.</u>

Rule 50(b) of the Federal Rules of Civil Procedure provides for renewing the motion for judgment as a matter of law after trial and for an alternative motion for a new trial. The Rule sets forth as follows:

(b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

When applying Rule 50(b), the "district court should grant judgment as a matter of law when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for [plaintiff] on a material element of [plaintiff's] cause of action." *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir.2005) (citations omitted) (bracketed text added). However, the Court has already determined that Michael Bass' testimony was legally sufficient evidence upon which the jury could base its decision that Plaintiff established lost profits in the amount of $3 million.  (Doc. 195, p. 4-7)   Thus, the motion for judgment as a matter of law is DENIED.  *Smith v. City of New Smyrna Beach*, 588 Fed. Appx. 965, 974 (11th Cir. 2014) (citation omitted) ("Judgment as a matter of law is appropriate only when the facts and inferences [construed in the light most favorable to the non-moving party] point so overwhelmingly in favor of one party that reasonable people could not arrive at a contrary verdict."); *Atchafalaya Marine, LLC v. National Union Fire Ins. Co. of Pittsburgh,* 959 F.Supp.2d 1313, 1325 (S.D. Ala. 2013) (quoting *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1264 (11th Cir.2008)) (the jury's verdict "must be left intact if there is evidence

from which the decision maker ... reasonably could have resolved the matter the way it did.").

II. <u>Alternative motion for new trial under Rule 59(a).</u>

Rule 50(b) provides for an alternative or joint request for a new trial under Rule 59.  The
Rule states that the "court may, on motion, grant a new trial on all or some of the issues-and to
any party ... After a jury trial for any reason for which a new trial has heretofore been granted in
an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  A new trial may be granted on
grounds that "the verdict is against the weight of the evidence, that the damages are excessive,
or that, for other reasons, the trial was not fair to the party moving; and may raise questions of
law arising out of alleged substantial errors in admission or rejection of evidence or instructions
to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S. Ct. 189 (1940);
*Benson v. Facemyer,* 2015 WL 5737340, at *11 (N.D. Ga. Sept. 30, 2015).

"[U]nder Rule 59(a), a district judge may, in his discretion, grant a new trial 'if in his
opinion, "the verdict … will result in a miscarriage of justice, even though there may be
substantial evidence which would prevent the direction of a verdict." *Atchafalaya Marine, LLC
v. National Union Fire Ins. Co. of Pittsburgh, PA.,* 959 F.Supp.2d 1313, 1325 (S.D. Ala. 2013)
(quoting  *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir.
2001)).  Also, a Rule 50(b) motion for judgment as a matter of law is measured by a more
rigorous standard than an alternative motion for new trial, and the Court has "wide discretion to
order a new trial whenever prejudicial error has occurred."  *McGinnis v. American Home
Mortgage Servicing, Inc.,* 2014 WL 2949216, *2 (M.D. Ga., June 30, 3014).  However, the
"trial court should not grant a new trial merely because the losing party could probably present a
better case on another trial." *Costa v. Sam's E., Inc.*, 2012 WL 5386921, at *3 (S.D. Ala. Oct.
31, 2012) *aff'd,* 524 F. Appx 548 (11th Cir. 2013) (quoting *Hannover Ins. Co. v. Dolly Trans*

*Freight, Inc.,* 2007 WL 170788, *2 (M.D. Fla. Jan. 18, 2007)).

As to Count X, Defendant argues that it is entitled to a new trial because Plaintiff violated the damages disclosure provisions of Fed. R. Civ. P. 26(a)(1)(A)(iii) and the requirement in Rule 26(e), that parties should supplement their disclosures, which resulted in substantial harm and prejudice to Defendant in its preparation for trial and cross-examination at trial. The purpose of Rule 26 disclosures is to prevent unfair surprise or prejudice at trial. *See King v. City of Waycross, Georgia*, No. 2015 WL 5468646, at *3 (S.D. Ga. Sept. 17, 2015) ("The entire theme of the response entirely misses a major reason for discovery. For years Courts throughout the land have been charged with eliminating 'trial by ambush.' A major purpose of discovery is eliminating surprise. The advent of FRCP 26(a)(1) (the initial disclosures) is to further-not hinder-that goal.") (quoting *Berry v. Fla. Int'l Univ. Bd. of Trustees*, 2008 WL 203362, at *2 (S.D. Fla. Jan. 23, 2008)).

Rule 37(c)(1) provides for failure to disclose or supplement its disclosures and states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Generally, "[t]he burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was substantially justified or harmless." *Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc.,* 725 F. 3d 1377, 1381 (11th Cir. 2013); *Mitchell v. Ford Motor Company*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (citation omitted) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.") The Court has previously determined that Plaintiff failed to prove that the late supplemental disclosure of its claim for lost profits was substantially

4

justified. (Doc. 195, p. 12)  The issue of whether the failure was harmless was deferred pending mediation.

The ultimate "burden of showing harmful error rests on the party seeking the new trial", the Defendant.  *Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir. 1999). As to harm and prejudice, Defendant argues that it developed its trial strategy based on Plaintiff's initial disclosure that it was pursuing "lost revenue" (doc. 133-1), the claim for damages of "lost revenue" in Count X of the amended complaint (doc. 18), and the Plaintiff's motion for summary judgment also claiming "lost revenue".[1] Defendant argues that Plaintiff's late supplemental damages disclosure that it was claiming "lost profits" and the evidence in support, made less than one week before trial (doc. 145),[2] deprived Defendant of the opportunity to take depositions or conduct other discovery as to Plaintiff's claim for lost profits, to take depositions or conduct other discovery as to the S-Base computer program used to generate Plaintiff's costs analysis underlying its lost profits claim, or to engage a technical witness such as an accountant or other rebuttal witness.  Defendant argues that it was precluded from adequate trial preparation and that cross-examination did not cure the harm and prejudice caused by Plaintiff's late supplemental disclosures.

---

[1]  In the brief in support of the motion for summary judgment, Plaintiff stated that the volume of waste diverted between January 2005 and April 2013, 579,053 tons, represented $12,139,841.00 of "lost revenue" and sought that amount as damages for the breach of contract (doc. 80, p. 40).

[2] After the pretrial conference, Plaintiff filed a unilateral amended joint pretrial document stating that it was pursuing "lost profits" as damages as to Count X (doc. 131). That same day, Defendant filed a motion in limine and motion to strike for failure to comply with Rule 26 (doc. 133).  The Court carried the motion to trial and struck the unilateral pretrial document.   A week before trial, Plaintiff filed its supplemental damages disclosure pursuant to Rule 26(a)(1)(A)(iii) (doc. 145).   Plaintiff disclosed that it would pursue "lost profits" as opposed to "lost revenue", provide its Financial Analyst Michael Bass to testify as to lost profits, and proffered a one-page spreadsheet showing that "incremental costs" were deducted from "gross revenue" to determine lost profits.

Plaintiff responds that Defendant was not unfairly surprised or prejudiced by the late disclosure.  Plaintiff argues that Defendant was aware from the early stages[3] that Plaintiff was seeking damages for breach of contract and that during discovery[4] Plaintiff was able to quantify those damages by determining the tonnage diverted, applying the applicable rate, and calculating the gross revenue.  Plaintiff argues that "[i]t is well known that profits are nothing more than revenue minus costs incurred."  Plaintiff also argues that Defendant "intentionally avoided discovery", or moving to compel supplemental disclosures, regarding costs or "lost profits" in order to preserve its strategy to challenge Plaintiff's theory of "lost revenue" as an inappropriate measure of damages for breach of contract.

Defendant's request for a new trial is based primarily upon this Court's decision to deny Defendant's motion to exclude Bass' testimony for failure to comply with Rule 26.  In that regard, the Court finds that Defendant has shown that the late disclosure affected its ability to challenge, with its own expert, Bass' testimony regarding costs.  However, the Eleventh Circuit has stated that as to errors regarding admission of evidence, "a new trial is warranted only where the error has caused substantial prejudice to the affected party (or, stated somewhat differently, affected the party's 'substantial rights' or resulted in 'substantial injustice')." *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004) (citations omitted).[5]

---

[3] Plaintiff initially disclosed as follows: "WM Mobile Bay has no information regarding the amount of the waste that was diverted from the Chastang Landfill and wrongfully directed to another location: therefore, it cannot calculate the amount of lost revenue due to this particular breach of the parties' contract until the discovery has been completed." (Doc. 133, p. 1)

[4] Plaintiff deposed a City of Mobile employee as to the tons of waste diverted.

[5] *See also*, Federal Rule Civil Procedure 61. Harmless Error.  " Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must (Continued)

Based on the fact that the jury substantially rejected Bass' testimony regarding costs[6], resulting

no doubt from Defendant's effective cross-examination, the Court finds that the late

supplemental disclosure of Plaintiff's claim for lost profits did not result in substantial injustice

to Defendant.  Accordingly, Defendant's alternative motion for new trial is DENIED.

DONE and ORDERED this the 10th day of November 2015.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

disregard all errors and defects that do not affect any party's substantial rights."

[6] The jury awarded Plaintiff $3 million instead of the requested $8.7 million in lost profits.