UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | |
| V. | ) ) | CASE NO. 13-0434-KD-N |
| THE CITY OF MOBILE SOLID WASTE AUTHORITY, | ) ) ) ) | |
| Defendant/Counterclaimant. | ) | |

### ORDER

This action is before the Court on the Motion for Writ of Replevin and Motion to Hold

Defendant in Contempt filed by Plaintiff WM Mobile Bay Environmental Center, Inc. (Plaintiff)

(doc. 222) and the Objection and Motion to Dismiss filed by Defendant City of Mobile Solid

Waste Authority (the Authority) (doc. 224).

The Court previously held as a matter of law that the Authority breached the Contract

with Plaintiff "by delivering certain City of Mobile waste to the Dirt, Inc. landfill" (doc. 125, p.

32, Order on summary judgment).  The Court found that the Contract contained the following

provisions:

> 5.2 Authority's Responsibility. The Authority agrees to assist the Contractor in
> obtaining any and all permits, licenses, and approvals necessary to open and
> operate the New Landfill and, once the New Landfill has been opened, to dispose
> at the New Landfill of all the City of Mobile Solid Waste generated within the
> Service Area.

> 1.32 Mobile Solid Waste Stream. . . . During the term hereof, the Authority agrees
> to have delivered all Mobile Solid Waste Stream only to the Landfill or the
> Transfer Station and to no other sites, for disposal by Contractor.

(Doc. 125, citing Doc. 29-1, Section 5.2; Section 1.32).

Based upon these provisions, as well as the definitions of waste and refuse found in the Contract, the Court determined that the "force and effect of Section 5.2 and Section 1.32 is that SWA has breached the Contract by delivering certain City of Mobile waste to the Dirt, Inc. landfill." (Doc. 125, p. 32)  The Court reserved the issue of damages for trial (*id*.) and the jury awarded Plaintiff $3,000,000.00 (doc. 171-1, Verdict).  The Court entered judgment in favor of Plaintiff (doc. 173).  After addressing several post-trial motions, the Court entered an amended judgment as to other counts in the second amended complaint, but specifically stated that all provisions of the earlier judgment would remain in effect (doc. 204).  The judgments were affirmed on appeal (doc. 221).  The judgments are money judgments in that they adjudge the jury's award of money damages to Plaintiff. The Court did not make any declaratory judgment as to any future issues of whether the Authority had the right to possession or title of the City of Mobile solid waste stream.

Relying upon Rule 64 of the Federal Rules of Civil Procedure, Plaintiff moves the Court to issue a Writ of Replevin to the Authority for possession of the entire City of Mobile's solid waste stream. Plaintiff alleges that the Authority continues to divert part of the solid waste stream to another landfill.  Plaintiff argues that the City's "Solid Waste Steam is tangible property in the possession of the Authority to which [Plaintiff] has an immediate right … pursuant to the parties' Contract, and that is subject to replevin, pursuant to Federal Rule of Civil Procedure 64." (Doc. 222, p. 2)  In support, Plaintiff provides the Affidavit of its Vice President and a copy of the letter demanding possession (doc. 222-1, doc. 222-2). According to the proposed Writ of Replevin, the U.S. Marshal would be directed to take possession of the City's entire solid waste stream and deliver it to the Plaintiff (doc. 222, doc. 222-3).

In response, the Authority raises three arguments. First, the Authority argues that the

2

Court did not order prospective relief from any future acts that may be a breach of contract, but instead the Plaintiff was awarded damages based upon allegations of past breach of contract. Second, the Authority argues that relief under Rule 64 is not available because the action has concluded. The Authority asserts that the relief sought should be obtained through a new action for execution of a judgment instead of a post-judgment motion.  The Authority points out that Plaintiff "does not seek to secure the satisfaction of a potential judgment" as contemplated in Rule 64.  Last, the Authority argues that Plaintiff cannot meet the necessary elements of an action for replevin because it cannot show that it first had possession of the solid waste stream and that the Authority now has possession. The Court agrees to each point.

Rule 64 provides that at the "commencement of and throughout an action" state law remedies are available for seizure of  "property to secure satisfaction of the *potential judgment*". Fed. R. Civ. P. 64(a) (emphasis added).  Overall, Rule 64 codifies "long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of *prejudgment* remedies for the seizure of person or property to secure satisfaction of the *judgment ultimately entered*." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto. Truck Drivers, Local No. 70 of Alameda Co.,* 415 U.S. 423, 436 n.10, 94 S. Ct. 1113 (1974) (emphasis added).  Replevin is a remedy specifically listed in Fed. R. Civ. P. 64(b). The Rule states in relevant part that "[t]he remedies available under this rule include [replevin] … however designated and regardless of whether state procedure requires an independent action[.]" Fed. R. Civ. P. 64(b).  At least one federal court has interpreted Rule 64(b) to mean that replevin is available as a remedy in an action even though state procedures may require an independent action.  Fed. R. Civ. P. 64(b).  *See Regions Commercial Equip. Fin., LLC v. Performance Aviation, LLC,* 2017 WL 354275, at *5 (S.D. Miss. Jan. 24, 2017) (Regions

filed a verified second amended complaint, which contained a specific claim for replevin).

Federal Rule 64 requires the application of state procedures to enforce the remedies available.  In that regard, Ala. R. Civ. P. 64(a) states that "[a]t the commencement of and during the course of an action, all remedies providing for seizure of … property for the purpose of securing *satisfaction of the judgment ultimately to be entered in the action* are available under the circumstances and in the manner provided by law except that there can be no seizure of property through judicial process prior to the entry of judgment other than by a judicial officer acting pursuant to the procedure set forth in paragraph (b)[.]" Ala. R. Civ. P. 64(a) (emphasis added).   Paragraph (b) sets out the procedure to follow "[w]henever any provision of law is invoked through which there is an attempt to seize property through judicial process *prior to the entry of judgment*[.]" Fed. R. Civ. P. 64(b) (emphasis added).

Both Rules address pre-judgment seizure of property for satisfaction of a potential judgment to be entered in the action. That is not the case before the Court. Judgment has been entered.  Plaintiff has filed a post-judgment motion for Writ of Replevin, which appears contrary to these Rules.  Plaintiff has not provided any case law to show that even though the Rules indicate that the Writ of Replevin is available pre-judgment, the Writ is also available post-judgment.

Additionally, assuming for purpose of this motion that Plaintiff may bring a post-judgment motion, Ala. R. Civ. P. 64(b)(1) requires that an application for Writ of Replevin should be made by an affidavit that contains

> (A) Description of Property. A description of the claimed property that is sufficient to identify the property and its location.
>
> (B) Statement of Title or Right. A statement that the plaintiff is the owner of the claimed property or is entitled to possession of it, describing the source of such title or right and, if the plaintiff's interest in such property is based on a written

instrument, a copy of said instrument must be attached to the affidavit.

(C) Statement of Wrongful Detention. A statement of specific facts which show that the property is wrongfully detained by the defendant and a statement of the cause of such detention according to the best knowledge, information and belief of the plaintiff.

(D) Statement of Risk of Injury. A statement of specific facts in support of the contention, if any, that there is risk of concealment, transfer or other disposition of or damage to the property to the injury of the plaintiff.

Ala. R. Civ. P. 64(b)(1).

In regard to the first requirement, Plaintiff provides the affidavit of its Vice President, wherein he describes the property as the "entire City of Mobile Solid Waste Stream" (doc. 222-1). However, that description is too broad to sufficiently identify the property and does not describe the location where the property could be found.

As to a statement of title or right, the Vice President states that "[p]ursant to that certain Solid Waste Management Contract . . . that was the subject of the present action, [Plaintiff] is entitled to possession of the entire City of Mobile Solid Waste Stream." (Doc. 222-1, p. 2) However, the Court did not adjudicate whether the Contract entitled Plaintiff to possession of the entire solid waste stream in the future. Instead, the Court found that the Authority had breached its agreement by failing to deliver the entire solid waste stream to the Plaintiff. As previously stated, the Court determined that the "force and effect of Section 5.2 and Section 1.32 is that SWA has breached the Contract by delivering certain City of Mobile waste to the Dirt, Inc. landfill." (Doc. 125, p. 32) Also, while Plaintiff relies upon the Contract as the source of entitlement or right to possession, a copy was not attached.

As to the third requirement, a statement of wrongful detention, the Vice President has stated specific facts, which allegedly show that the Authority has failed to deliver the entire solid

5

waste stream according to the Contract.  In support, he attached a copy of the demand letter, that

the Authority is alleged to have ignored.  As to the last requirement, a statement of risk of injury

to the Plaintiff, the Vice President made no statement of specific facts in support of any

contention that there is a risk of concealment, transfer, other disposition, or damage to the solid

waste stream that would injure the Plaintiff.  The last requirement contains the phrase "if any".

Ala. R. Civ. P. 64(b)(1)(D).  Thus, by not making a statement of risk, the Vice President

indicates that no risk of injury exists.

Additionally, under Alabama law, "[w]hen an action is commenced for the recovery of

chattels in specie",[1] the Plaintiff must execute a bond as set forth in Ala. Code § 6-6-250.

Although Plaintiff filed a post-judgment motion instead of an action, there does not appear to be

any reason not to require compliance with the statute, should the Plaintiff be able to properly

bring a post-judgment motion for Writ of Replevin.

Since both Federal Rule 64 and Alabama Rule 64 speak in terms of *pre-judgment*

remedies for seizure of property, Plaintiff's reliance upon Federal Rule 64 as a basis for the post-

judgment motion appears to be misplaced.  Also, assuming that Plaintiff may bring a post-

judgment motion for Writ of Replevin, Plaintiff does not appear to have followed the proper

procedure for obtaining the Writ of Replevin.  Accordingly, the motion is DENIED.

The Court is aware that under Ala. R. Civ. P. 64(b)(2)(C), when the "court fails to make a

preliminary finding for the plaintiff under subdivision (b)(2)(B) . . . the court shall order and

direct that the plaintiff's application … be set down for a hearing before the court at the earliest

---

[1]  Article 6, of Chapter 6, of Title 6 of the Alabama Code provides for an action in detinue to obtain personal property.  In *Friedman v. Friedman,* 971 So. 2d 23, 28-29 (Ala. 2007), the Alabama Supreme Court stated that the statutory action of detinue, codified at Ala. Code § 6-6-250, *et seq*, "combined the common-law actions of detinue and replevin".

practical time" with notice to the defendant and an admonition not to "dispose of or alter in any form the personalty" described in the application. However, that subparagraph also speaks to *pre-judgment* seizure, stating that at the hearing the "plaintiff shall have the burden of showing good cause for the pre-judgment seizure or attachment." *Id.* Therefore, even though the Court has failed to make a preliminary finding in favor of Plaintiff, there does not appear to be any reason to set this post-judgment motion for a hearing.

Plaintiff also moves the Court to hold Defendant in contempt of court and award the costs of this motion as a sanction. In support, Plaintiff cites to Rule 70 of the Federal Rules of Civil Procedure. Although Plaintiff does not provide any legal argument as to how Rule 70 applies, Plaintiff does move the Court "for enforcement of the Court's final Amended Judgment" (doc. 222, p. 1).

Rule 70 is captioned "Enforcing a Judgment for a Specific Act". Fed. R. Civ. P. 70. The Rule states as follows:

> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense--by another person appointed by the court. When done, the act has the same effect as if done by the party.

Fed. R. Civ. P. 70). Subparagraph (e) provides that the "court may also hold the disobedient party in contempt." *Id.*

Since this action did not involve conveying land or delivering deeds or other documents, the Court looks to whether the judgment required the Authority to "perform any other specific act". *Id.* However, the Court's judgments did not order or require the Authority to perform any specific act. Instead, the judgments entered were money judgments. Therefore, the Authority's

alleged failure to deliver the entire City of Mobile solid waste stream to the Plaintiff upon

demand may not render it a "disobedient party" subject to contempt pursuant to Rule 70.

Accordingly, the motion is DENIED.

DONE and ORDERED this the 24th day of February 2017.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE