IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 13-00434-KD-N ) |
| THE CITY OF MOBILE SOLID WASTE DISPOSAL AUTHORITY, | ) ) ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Plaintiff WM Mobile Bay Environmental Center, Inc.'s Application for Writ of Execution, Defendant City of Mobile Solid Waste Disposal Authority's (MSWDA) Motion to Quash the Application, Plaintiff's response to the Motion, Defendant's reply, and Plaintiff's sur-reply (docs. 228, 230, 232, 236, 241). The Court heard oral argument on November 29, 2018. Upon consideration, and for the reasons set forth herein the Motion to Quash is GRANTED.

The Defendant has propounded basically four reasons the motion to quash the Application for Writ of Execution should be granted. First, the Defendant argues that the Application should be quashed because the proposed Writ of Execution was not in accord with the laws of the State of Alabama as required by Rule 69(a) of the Federal Rules of Civil Procedure. Specifically, the Writ directed the United States Marshal to seize and sell the real property, instead of the Sheriff, as required by Code of Alabama § 6-9-1.[1] In *Branch Banking &*

---

[1] The statute provides several sample forms for Writs of Execution, each of which is directed to "any Sheriff of the State of Alabama." Ala. Code § 6-9-1.

*Trust Co. v. Ramsey*, 559 Fed. Appx. 919 (11th Cir. 2014), the Eleventh Circuit concluded "that, under Rule 69(a) and [28 U.S.C.] § 566(c), only a U.S. marshal may execute the federal writ of execution by levying on and selling Defendants' property." *Id.* at 924. The United States Marshal is the proper person to execute the federal Writ. Defendant's motion to quash on that basis is denied.

Next, Defendant argues that the Application for Writ of Execution should be quashed because Plaintiff has unclean hands. Specifically, Defendant argues that Plaintiff filed the Application in order to avoid liability for the torts of trespass, conversion, and nuisance upon the real property at issue. Defendant also argues that allowing the Writ would be inequitable because Plaintiff has not correctly calculated the royalty due to Defendants, which previously had been set-off against the judgment.

Under longstanding Alabama law, "one 'who seek[s] equity must do equity' and 'one that comes into equity must come with clean hands.' The purpose of the clean hands doctrine is to prevent a party from asserting his, her, or its rights under the law when that party's own wrongful conduct renders the assertion of such legal rights 'contrary to equity and good conscience.' The application of the clean hands doctrine is a matter within the sound discretion of the trial court." *Alabama Power Co. v. Keller*, 2017 WL 5017388, at *12 (Ala. Civ. App. Nov. 3, 2017), *cert. denied sub nom. Ex parte Alabama Power Co.*, 2018 WL 3801383 (Ala. Aug. 10, 2018) (citations omitted). The Court finds no merit to Defendant's argument because the allegations are unsupported by the evidence.

Next, Defendant argues that pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, Plaintiff's Writ of Execution must comply with Alabama law as described in Ala. Code § 6-9-1, *et seq.*, but it fails to do so because Plaintiff's Certificate of Judgment does not

2

include the amount of costs and the Defendant's address, as required by Ala. Code § 6-9-210.[2] Defendant argues that these defects render the Certificate of Judgment ineffective as a judgment lien under Ala. Code § 6-9-211,[3] and without this judgment lien, Plaintiff cannot execute upon the real property.

In response, Plaintiff argues that recording a certificate of judgment in the probate court is not a prerequisite to obtaining the Writ of Execution. Plaintiff argues that the purpose of filing a certificate of judgment is to provide notice to others as to Plaintiff's claim of an interest in the Defendant's property and to establish priority among lienholders. Alternatively, Plaintiff argues that the recorded Certificate of Judgment is not defective because it contains the addresses of Defendant's attorneys.

The Court has been unable to locate any Alabama case holding that before a party may apply for a writ of execution on a judgment, it must first record a valid certificate of judgment in the probate court of the county where there the property is located.[4] To the contrary, the Supreme Court of Alabama has held as follows:

---

[2] The statute provides that "[t]he owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiff's attorney … Such certificate shall also show the address of each defendant or respondent, as shown in the court proceedings." Ala. Code § 6-9-210.

[3] The statute provides that "[e]very judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution . . ." Ala. Code § 6-9-211.

[4] There are cases wherein the party recorded the certificate of judgment and then obtained a writ of execution. *See Robinson v. Vernon,* 553 So. 2d 581, 582 (Ala. 1989); *Key v. First Alabama Bank of Hartselle,* 466 SO. 2d 128 (Ala. 1985). However, in *Scivally v. CitiMortgage, Inc.,* 2014 WL 2973194 (N.D. Ala., 2014), the writ of execution issued after the Alabama Court of Civil Appeals entered judgment, and there is no mention of first registering a certificate of judgment in

3

> Recording a judgment is not the same as execution on a judgment. The filing of the judgment ... only creates a lien in favor of the judgment creditor and although this filing can preserve assets for the creditor, in the event an execution later occurs, filing has no other interlocking aspects with execution on the judgment.

*Kiker v. National Structures, Inc.,* 342 So.2d 746, 748 (Ala.1977); *In re Pouncey*, 59 B.R. 615, 618 (Bankr. M.D. Ala. 1986) (recognizing that under Alabama law, "a judgment alone does not create a lien" but the "lien is established as of the date of the levy.") (citing *Barksdale v. Jordan,* 253 Ala. 199, 43 So.2d 406 (1949) and Ala. Code § 6–9–60).

The code sections – Ala. Code § 6-9-210 and § 6-9-211 - are found in Article 9, which is captioned "Registration of Judgment".  Registration of a certificate of judgment may be a statutory prerequisite for creation of a judgment lien.  However, Ala. Code § 6-9-60, captioned "When writ of execution becomes a lien", explains as follows:

> A writ of execution is a lien only within the county in which it is received by the officer authorized to execute it on the lands of the defendant in such county subject to levy and sale from the time the writ is levied by him and notice of levy as provided in Section 35-4-132[5] is filed for record with the judge of probate of such county. Such writ is a lien upon the personal property of the defendant subject to levy and sale from the time only that the writ is levied upon such personal property.

Ala. Code § 6-9-60.

Additionally, Ala. Code § 6-9-1, captioned, "Executions on judgments; forms thereof", states as follows:

---

the probate court.

[5] "§ 35-4-132. Notice of levy. When a sheriff, constable, United States marshal, or other officer shall levy upon land by virtue of any process, he shall file with the judge of probate of each county where the land or any party thereof is situated a notice of the levy, showing the names of the parties to the proceeding, the kind of process, and a description of the land levied on. The judge of probate shall file and record and note upon the notice and record as in Section 35-4-131."

4

> The party in whose favor a judgment is entered, whether for debt, damages, or costs, for the satisfaction thereof, may, within 10 years thereafter, have a writ of execution against the lands and goods of the party against whom such judgment is entered. When the judgment is for specific property or the alternate value, or for the possession of lands, appropriate writs of execution may issue for the satisfaction thereof.

Ala. Code § 6-9-1.  The statute does not state that the party must first record a certificate of judgment in compliance with Ala. Code § 6-9-210 or § 6-9-211 before a writ of execution may issue on the judgment.  Once the writ is levied and recorded, it too, becomes a lien.

Thus, both an issued writ of execution that has been levied and recorded, and a registered certificate of judgment may become liens on the property, but the writ may issue regardless of the validity of the certificate of judgment.  Therefore, Plaintiff's alleged failure to register a certificate of judgment that complies with Ala. Code § 6-9-210 is not a ground for quashing the Application for the Writ.

Moreover, even if the registration of a certificate of judgment is a prerequisite to a writ of execution, the decisions in *Bank of Anniston v. Farmers & Merchants State Bank of Krum, Texas,* 507 So. 2d 927 (Ala. 1987) and *Bowman v. SouthTrust Bank of Mobile,* 551 So. 2d 984 (Ala. 1989), advise that strict compliance with the statute is not required so long as the certificate serves the purpose of notifying title researchers that there is a judgment lien.  In *Bank of Anniston,* the Certificate of Judgment noted that the defendants had addresses in Texas, Florida and Anniston, Alabama, but did not include the specific addresses. The Alabama Supreme Court held that failure to strictly comply with the requirement that the certificate of judgment contain the address of the defendant "as shown in court proceedings", Ala. Code § 6-9-211, did not render the certificate ineffective to provide notice. *Bank of Anniston*, 507 So. 2d at 930 ("Any diligent search of the title to the property in question would have revealed the certificate of

judgment. There is no evidence before us to suggest that the Winsons' addresses, as stated on the certificate, misled anyone or failed to give notice of the prior judgment in favor of F & M.")

In *Bowman,* the plaintiffs filed a certified copy of the judgment, instead of a certificate of judgment. The certified copy did not include the debtor's address or the amount of costs, as required by Ala. Code § 6-9-210. The Alabama Supreme Court held that the certified copy of the judgment would provide notice to anyone searching the title to the debtor's property. The Court explained that "[t]o hold that the certified copy of the Bowmans' judgment was not sufficient under § 6–9–210 to constitute a lien on Dr. Mitchell's property for $62,250—i.e., that the certified copy of the judgment did not qualify as a 'certificate of judgment'—would, as the Court noted in *Bank of Anniston, supra*, be a 'triumph of form over substance.'" *Bowman,* 551 So. 2d at 988. The Court, however, did find that because the amount of costs was not included in the judgment, no lien was created as to same. The Court held that "in accordance with the rationale expressed in *Bank of Anniston, supra,* we do not view the omission of a statement of these amounts as precluding the creation of a lien in the Bowmans' favor for the amount of the judgment stated.". *Id.*

Next, Defendant argues that the real property is owned for public use and Plaintiff cannot execute upon public land. Defendant relies on *Hamrick Const. Corp. v. Rainsville Housing Authority*, 447 So.2d 1295 (Ala. 1984), wherein the Alabama Supreme Court held that real

6

property owned by a municipal housing authority and used for public purposes was exempt from execution on a judgment under Ala. Code § 29-1-40 [6] and Ala. Code § 6-10-10.[7]

Defendant concedes that there is no specific statutory exemption from execution with respect to solid waste disposal authorities, as there is for housing authorities. However, Defendant argues that the real property is exempt because Defendant is a public corporation[8] and the real property is held for public use.  Specifically, Defendant asserts that the enabling statute gives municipalities the authority to create solid waste disposal authorities to provide for the health, safety and welfare of the people, thus its public existence is expressed in the statute. Ala. Code § 11-89A-1.  As further evidence of its public nature, Defendant points out that solid waste disposal authorities have the power of eminent domain "for the purpose of obtaining real property for any facility", are exempt from taxation, may receive the proceeds from special taxes, and are restricted to owning property only for solid waste landfills or reclamation facilities.

Defendant notes that the real property was purchased for expansion of the Chastang Landfill facility, as provided in the statute. Ala. Code §§ 11-89A-8(a)(2) & (5) (defining

---

[6] The statute, captioned "Exemption of authority property from mortgage foreclosures, levy, and execution and judgment liens.", sets forth in relevant part as follows: ". . . All property of the authority shall be exempt from levy and sale by virtue of an execution, or other process, to the same extent as now enjoyed by the properties of towns, cities, and counties of Alabama. No judgment against the authority shall be a charge or lien upon its property, real or personal. . . ." Ala. Code § 24-1-40.

[7] The statute governing the properties of municipalities and counties sets forth as follows: "All property, real or personal, belonging to the several counties or municipal corporations in this state and used for county or municipal purposes shall be exempt from levy and sale under any process or judgment whatsoever." Ala. Code § 6-10-10.

[8] "Authority" is defined as "[a]ny public corporation organized pursuant to the provisions of this chapter." Ala Code § 11-89A-2(2).

7

"facility" to include all land, and granting the power to acquire real property for expansion). Defendant argues that the enabling statutes do not grant power to sell a solid waste disposal facility, which includes land held for future development,[9] and thus the real property it now owns will vest in the City of Mobile upon dissolution. Ala. Code § 11-89A-21.[10]

In response, Plaintiff argues that the statute governing solid waste disposal authorities[11] does not have an exemption from judgment executions, and thus, whether the real property is held for public use is irrelevant and it may execute upon Defendant's real property. Plaintiff also points out that when the legislature has provided for an exemption in one statute, but the exemption is not present in another, it shows that exemption for the entity was not intended. Thus, Defendant's property is subject to execution.[12]

---

[9] "To contract to sell . . . and to sell . . . all or any part of any recovered resource facility . . ." Ala. Code § 11-89A-8(a)(8). This statute does not give Defendant the power to sell the solid waste disposal facilities.

[10] The statute, captioned "Dissolution of authority; vesting of title to authority's property", sets forth as follows: "At any time when an authority has no bonds or other obligations outstanding, its board may adopt a resolution, which shall be duly entered upon its minutes, declaring that the authority shall be dissolved. Upon filing for record of a certified copy of the said resolution in the office of the judge of probate with which the authority's certificate of incorporation is filed, the authority shall thereupon stand dissolved and in the event it owned any property at the time of its dissolution, the title to all its properties shall, subject to any constitutional prohibition or inhibitions to the contrary, thereupon vest in one or more counties or municipalities in such manner and interests as may be provided in the said certificate of incorporation; provided, however, that if said certificate of incorporation contains no provision respecting the vesting of title to the properties of the authority, title to all such properties shall, subject to any constitutional provisions or inhibitions to the contrary, thereupon vest in its determining subdivision, or if such authority shall have more than one determining subdivision, in its determining subdivisions as tenants in common." Ala. Code § 11-89A-21.

[11] Ala. Code §§ 11-89A-1 *et seq.*

[12] Plaintiff points to other public corporations that are exempted from foreclosure of any mortgage, deed of trust or pledge, to show that when the Legislature intends to exempt a public corporation it does so by specific statement. (doc. 241, p. 3).

8

Plaintiff also argues that the statutes governing solid waste disposal authorities provide support for the position that the MSWDA property is subject to a judgment lien. Plaintiff points to Defendant's broad powers to conduct its business[13] including the power to sue and be sued, to mortgage or pledge its properties to secure its debts and obligations, and to assume obligations secured by a lien on its property.[14] Specifically, Ala. Code § 11-89A-8(a)(11) provides that Defendant may "assume obligations secured by a lien on or secured by and payable out of or secured by a pledge of any facility or facilities or part thereof or the revenues derived from any facility or facilities that may be acquired by the authority[.]" Plaintiff interprets this statutory language to mean that Defendant can assume obligations, i.e., borrow funds, and use its facilities including real property as security for the obligations.

Defendant responds that Ala. Code § 11-89A-8(a)(11) allows it to assume an obligation secured by a lien <u>only</u> when it acquires a facility that already has a lien against it. Defendant acknowledges that such an assumed obligation could be foreclosed, but argues that this statute does not provide authority for enforcement of a judgment lien against real property held by Defendant for public use.

This action is before the Court on basis of diversity jurisdiction. Therefore, the Court applies the substantive law of the State of Alabama. *Bledsoe v. Office Depot*, 719 Fed. Appx. 980 (11th Cir. 2018). In *Hamrick Const. Corp.* the Alabama Supreme Court held as follows:

> This discussion does not answer Hamrick's assertion of the right to due
> process, but it does indicate the principle on which the question is to be
> resolved. The longstanding principle of exemption of public property,

---

[13] Ala. Code § 11-89A-8(a)(20) provides that Defendant has the power "[t]o do any and all things necessary or convenient to carry out its purposes and to exercise its powers pursuant to the provision of this chapter."

[14] Ala. Code §§ 11-89A-8(a)(2), (10) & (11).

9

> especially when bolstered by the broader exemption of § 24–1–40, put Hamrick on notice before it ever contracted with the appellee housing authorities that it could not attach the authorities' property to satisfy a claim such as it now has against them.

447 So.2d at 1299.  With respect to the longstanding principle that public property is exempt, in *In re Opinions of the Justices*, 235 Ala. 485, 179 So. 535 (Ala. 1938), the Alabama Supreme Court addressed the issue of whether the property of a municipal housing authority would be exempt from ad valorem taxation.  The Court held that

> The Housing Authority is to be a corporation brought into existence upon the order of a city government, public in nature, and charged with the duty of performing an important element of the police power of the city under whose sanction it shall come into existence. . . .
>
> It is clear that if the power conferred by the act in question were conferred on the city proper, the property made subject to its terms would be exempt under section 91, Constitution. When the city is performing a governmental function, it is none the less so because it is done by the instrumentality of some administrative agency, such as a board, commission, or even a corporation set up for that purpose, created by or for the city's use in that connection.
>
> The mere fact that it is a corporation does not deprive it of the qualities of a governmental agency, nor of the immunities of the government for which it operates.
>
>  The Housing Authority is an administrative agency of a city, and its property is therefore for certain purposes that of a municipal corporation and is entitled to the tax exemption of section 91, Constitution.

235 Ala. at 486, 179 So. At 536.

Although the opinion involved taxation of a municipal housing authority, the Justices established that boards, commissions, or corporations created by a municipality for the

10

municipality's use in connection with performing a public function,[15] are not deprived of the immunities of the municipality for which it operates. More recently, in *Water Works & Sewer Bd. of City of Talladega v. Consol. Pub., Inc.*, the Alabama Supreme Court explained as follows:

> The Water Board was established by the City of Talladega as a public corporation and has operated out of the Talladega City Hall for most of its existence. The members of the Water Board are appointed by the Talladega City Council. The Water Board performs a municipal function, namely, supplying water and sewer services to the residents of Talladega. Because public corporations perform municipal functions, they have long been held to be agencies of the municipality they serve, regardless of their organizational structure. *See, e.g., Carson v. City of Prichard,* 709 So.2d 1199, 1205 (Ala.1998); *State ex rel. Richardson v. Morrow,* 276 Ala. 385, 162 So.2d 480, 482 (1964); and *Jackson v. Hubbard,* 256 Ala. 114, 53 So.2d 723, 728 (1951).
>
> This Court stated in an advisory opinion issued in 1938:
>
>> "When the city is performing a governmental function, it is none the less so because it is done by the instrumentality of some administrative agency, such as a board, commission, *or even a corporation set up for that purpose,* created by or for the city's use in that connection.
>>
>> "*The mere fact that it is a corporation does not deprive it of the qualities of a governmental agency* ...."

---

[15] The Alabama Legislature has found that "[p]roper waste management is an increasingly complex issue involving the need for reducing the volumes of waste requiring disposal, properly managing wastes to reduce the likelihood of both short-term and long-term threat to human health and the environment, and assuring that adequate, environmentally secure, waste management and disposal facilities will be available at reasonable costs to accommodate wastes generated in the state[.]" Ala. Code § 22-27-40(1) (Article 3. Solid Waste Management Plan). The Legislature stated that the "governing body of a county or municipality has a responsibility for and the authority to assure the proper management of solid wastes generated within its jurisdiction in accord with its solid waste management plan." Ala. Code § 22-27-48(a). The Solid Waste Management Plan required each county, and any municipality which chose to submit its own solid waste management plan, to submit a plan to the Alabama Department of Environmental Management.  Ala. Code § 22-27-47.  *See also City of Selma v. Dallas County*, 964 So. 2d 12, 16 (Ala. 2007) (operating a statutorily authorized sanitary landfill garbage disposal site is an example of a governmental function) (citing *City of Birmingham v. Scogin,* 269 Ala. 679, 690, 115 So.2d 505, 514 (1959)).

>  *Opinions of the Justices, No. 45,* 235 Ala. 485, 486, 179 So. 535, 536 (1938) (emphasis added).

*Water Works & Sewer Bd. of City of Talladega v. Consol. Pub., Inc.*, 892 So. 2d 859, 863 (Ala. 2004) (some citations omitted) (finding that the Water Board has the qualities of an agency of the City of Talladega, and holding that its employees are public officers of the City for purposes of the Open Records Act); *see also City of Montgomery v. Water Works & Sanitary Sewer Bd. of City of Montgomery*, 660 So. 2d 588, 594 (Ala. 1995) ("Although the Water and Sewer Board is a corporation, it is so organized to perform its functions as an agency of the City. Accordingly, such a board is treated in the same light as the City itself. A member of the Water and Sewer Board could be considered an officer of the City. The mere fact that an administrative agency is organized as a corporation does not necessarily deprive it of the qualities of a governmental agency.") (citing *Opinions of the Justices, No. 45,* 235 Ala. 485, 179 So. 535, 536 (1938)); *Carson v. City of Prichard*, 709 So. 2d 1199, 1205–06 (Ala. 1998) (finding that the Water Works and Sewer Board of the City of Prichard is a "governmental entity," as that term is defined by Ala. Code § 11–93–1, and as an "agency performing a governmental function for a municipality, it is . . . not subject to punitive damages under § 6–11–26.")

The principle of exemption of public property has also been extended to attachment of liens. Addressing whether a mechanic's lien could attach to housing authority property, the Alabama Supreme Court explained as follows:

> We think that the efforts of the complainant in this cause to fasten a mechanic's lien, pursuant to Title 33, § 37, Code of Alabama, 1940, on the real property of respondent-Authority, described in the complaint, are futile for the reason that it is public property. We said in *Martin v. Holtville High School Bldg.*, 226 Ala. 45, 145 So. 491, as follows:
>
>> 'It is well settled that public buildings and the lands upon which they are situated, the title to which is in the state or its governmental agencies, and dedicated to public and governmental

> purposes, are not subject to sale under the provisions of section 8832 [Tit. 33, § 37] et seq. of the Code, at the suit of mechanics or materialmen for work and material furnished in the construction of such buildings by the state or its governmental agencies; nor can the interest or title of such governmental agencies in public funds set apart for such public purpose be subjected to such liens, unless expressly authorized by statute.

*Rayborn v. Housing Authority of Washington County*, 276 Ala. 498, 499, 164 So. 2d 494, 495 (1964) (citations omitted).

The principle of exemption of public property has been codified at Ala. Code § 6-10-10 which provides that "[a]ll property, real or personal, belonging to the several counties or municipal corporations in this state and used for county or municipal purposes shall be exempt from levy and sale under any process or judgment whatsoever." Applying the Alabama Supreme Court determination that authority property is "for certain purposes that of a municipal corporation", 235 Ala. at 486, 179 So. At 536, the Court finds that for purposes of a judgment lien, the property of MSWDA "belongs" to the City and is used for municipal purposes. Thus, the property is not subject to levy and sale pursuant to a judgment lien. Accordingly, the Court finds that Defendant's real property is exempt from execution. Therefore, the motion to quash is **GRANTED** on this basis.

**DONE** and **ORDERED** this 20th day of December 2018.

    s / Kristi K DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**