THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WM MOBILE BAY ENVIRONMENTAL CENTER, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 13-00434-KD-N |
| THE CITY OF MOBILE SOLID WASTE DISPOSAL AUTHORITY, | ) ) ) ) |
| Defendant. | ) ) |

# ORDER

This action is before the Court on Plaintiff WM Mobile Bay Environmental Center, Inc.'s Emergency Motion for Transfer of Legal Claims, Appointment of a Receiver, or Other Equitable Relief, and Request for Expedited Hearing; and the response filed by the City of Mobile Solid Waste Disposal Authority (SWDA) (docs. 259-261, 263-264).

In November 2015, WM Mobile obtained a judgment against SWDA for breach of the 1993 Operating Agreement between WM Mobile and SWDA. A basis of the breach included SWDA's failure to have all solid waste (as specifically defined in the Agreement) delivered to the Chastang Landfill. Another basis of the judgment was money owed to WM Mobile for increased operating costs due to compliance with new regulations. According to WM Mobile, approximately five million dollars is still owed on the judgment. WM Mobile is currently collecting on the judgment by withholding royalties owed to SWDA under the 1993 Operating Agreement.

In the "emergency" motion, WM Mobile claims that the 1994 Contract between the City of Mobile and SWDA (City-SWDA Contract) is an asset of SWDA that has been diminished by recent "likely" collusion (or at least mismanagement of the asset by SWDA) to the detriment of its judgment creditor WM Mobile. (Doc. 260, p. 3-4). In support, WM Mobile asserts that "only the

SWDA can pursue a claim against the City for its refusal to deliver C&D Waste to the Chastang Landfill as required by the City-SWDA Contract." (Doc. 161, p. 2). And that SWDA has "summarily disposed" of this asset by allowing entry of summary judgment against it in SWDA's suit against the City to have the yard waste and construction and demolition waste delivered to the Chastang Landfill pursuant to the City-SWDA Contract. (Id.) WM Mobile also complains that SWDA has failed to assert its rights under the City-SWDA Contract to seek a price increase from the City to offset its increased operating expenses. (Id., p. 3).

For relief, WM Mobile requests the Court to exert its equitable power to either "enter an order in enforcement of its Judgment transferring and assigning to WM Mobile Bay all of the SWDA's interest in the City-SWDA Contract, or the SWDA's rights thereunder, so that WM Mobile Bay may properly preserve and prosecute all rights belonging to SWDA". (Doc. 261, p. 3; Doc. 260). [1] In the alternative, WM Mobile requests that the Court appoint a receiver to accomplish the same. (Id.; Doc. 260)

Upon consideration, WM Mobile's motion for equitable relief is **DENIED**. Initially, WM Mobile has failed to explain how its ability to <u>collect on the judgment in this case</u> (13-434) is tied to future actions under the City-SWDA Contract between the City and SWDA. Whether the City delivers the yard waste and construction and demolition waste to the Chastang Landfill in the future will not provide funds for SWDA to satisfy its judgment. The same is true regarding whether SWDA requests a cost increase, such does nothing to advance WM Mobile's quest to collect on the 2015 judgment. In sum, WM Mobile has not explained how the City-SWDA Contract is an asset

---

[1] WM Mobile argues by way of Fed. R. Civ. P. 69, this Court may apply the procedures for setting aside orders or judgment that are collusive, and for transfer of assets found in the Alabama Uniform Voidable Transactions Act, Ala. Code § 8-9B-1, <u>et seq.</u>, and Ala. Code § 6-6-180, <u>et seq</u>. (Doc. 261, p. 11-17).

that could be used to satisfy the judgment in this case.

Moreover, even if the Court assumed that the City-SWDA Contract was an asset that somehow could be used to satisfy the judgment, WM Mobile has failed to show a basis for the extraordinary remedy of the Court exerting its equitable powers to void the alleged "transfer" of this asset. Collusion, fraud or at least mismanagement of an asset must underpin any requested relief. WM Mobile's incautious allegations notwithstanding, there is no basis for a finding of collusion, fraud or mismanagement of an asset.

The March 11, 2020, order of the Circuit Court of Mobile County (CV-2017-903318.00) is not simply an agreement between parties. It is an order from a competent court with jurisdiction to decide the issue presented. And per the order, entered after a hearing and in consideration of the pleadings. WM Mobile has failed to cite to any suppression of facts or any other action taken by SWDA which would indicate collusion[2] or fraud. Instead, WM Mobile disagrees with SWDA's apparent concession before a tribunal that the law did not favor its claim that the City was required under the City-SWDA Contract to deliver yard and C&D waste to the Chastang Landfill.[3] Such is insufficient to support equitable relief from this Court.

**DONE** and **ORDERED** this 1st day of April 2020.

                                   **s/ Kristi K DuBose**
                                   **KRISTI K. DuBOSE**
                                   **CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Collusion implicates a dishonest act to deceive.

[3] This order should not be construed as either a rejection or an endorsement of the decision of the Circuit Court of Mobile County.